LILES, Acting Chief Judge.
A claim of lien was filed by appellant on November 3, 1971, showing that the last work performed was October 8, 1971, thereby complying with Fla.Stat. § 713.-08(5), F.S.A., which provides:
“(5) The claim of lien may be recorded at any time during the progress of the work or thereafter but not later than ninety days after the final furnishing of the labor or services or materials by the lienor; . .
The affidavit required by Fla.Stat. § 713.-06(3) (d) (1), F.S.A., was served on the owner five days prior to the filing of the complaint to foreclose the lien. This statute reads in part:
“The contractor shall have no lien or right of action against the owner for labor, services or materials furnished under the direct contract while in default by reason of not giving the owner such affidavit. The contractor shall execute said affidavit and deliver it to the owner at least five days before instituting suit as a prerequisite to the institution of any suit to enforce his lien under this chapter.”
The trial judge dismissed the suit for failure to comply with Fla.Stat. § 713.-06(3) (d) (1), F.S.A., in that the affidavit was filed more than ninety days after the last items of service and material were furnished. We have examined the statutes *532 involved as well as the case law and nowhere do we find that the affidavit required by § 713.06(3) (d) (1) must be served on the owner within ninety days after the last items of service and material are furnished. The clear reading of the statute requires it to be delivered to the owner at least five days before instituting suit and makes this time a prerequisite to any suit to enforce his lien. The right to file the action is suspended while the lienor is in default for failure to file the affidavit. Five days after filing it, however, he may then file the action if that date occurs within the time prescribed by law.
We believe Fla.Stat. 713 has been complied with so as to perfect appellant’s lien.
For these reasons the trial judge erred in granting the motion to dismiss. We therefore reverse and remand with directions consistent with this opinion.
HOBSON and MANN, JJ„ concur.